## UNITED STATES of America

v.

## Franklin CASTRO, James R. Respert and Damian K. Lebeaud.

### No. Crim.A. 00–17.

United States District Court, E.D. Louisiana.

Oct. 25, 2000.

That claim will be **DISMISSED** without prej-

---

Richard Villere Kohnke, Richard V. Kohnke, New Orleans, LA, for Franklin E. Castro, defendant.

Bruce C. Ashley, II, Bruce C. Ashley, II, New Orleans, LA, for James R. Respert, defendant.

Gary V. Schwabe, Jr., Federal Public Defender, New Orleans, LA, for Damian K. Lebeaud, defendant.

### ORDER AND REASONS

FELDMAN, District Judge.

Before the Court is the Government's Motion to Rescind Plea Agreement. For the reasons that follow, the motion is granted.

udice.

## Background

Damian Lebeaud was charged in an indictment with conspiracy to possess with intent to distribute cocaine hydrochloride and attempt to possess with intent to distribute cocaine. He entered into a plea agreement with the government on August 18, 2000, wherein he agreed to plead guilty to a superseding bill of information for unlawful use of a communication facility. In his plea agreement, Lebeaud agreed to "appear before any Grand Jury or trial jury and to testify truthfully." He recited that he understood that if he is not truthful, the plea agreement would be null and void. He also agreed "neither to implicate anyone falsely nor to exculpate or protect anyone falsely." Even the Court carefully inquired of Lebeaud that he understood he was expected to testify. Lebeaud signed a factual basis describing his involvement in this case, and at his rearraignment, he affirmed to the Court that he read the factual basis and that it contained nothing that he believed to be mistaken or untrue.

On August 21, Lebeaud was called as a witness by the government in the trial of his co-defendant, James Respert. The government correctly contends that Lebeaud materially breached his obligations under the plea agreement by his conduct at Respert's trial. When called to testify at the trial, Lebeaud began to give a version of the facts which was inconsistent with his previous acknowledgment of the factual basis. Lebeaud lied when he testified that he had never seen the factual basis before. In fact he said he didn't "want the plea bargain" and started crying. Lebeaud also told Jack Badinger, a detention enforcement officer for the U.S. Marshals Service, that "they are in for a surprise trying to f*** me over."

Lebeaud lamely contends that he was merely tentative and hesitant at Respert's trial; he claims he felt pressured by Respert's proximity and was upset that he had been placed in the cell beside Respert in the Marshal's office. His reasons for his upset are unclear, unless Respert had earlier intimidated him. Lebeaud now maintains that he wanted to fulfill his bargain and testify truthfully. But his conversion is too late. Lebeaud further maintains that there was no harm caused by his hesitancy to testify, because Respert was convicted. But his conduct, cut short by the Court, could have caused a mistrial.

## Discussion

Plea agreements are contractual in nature and thus are interpreted according to general principles of contract law. *United States v. Ballis,* 28 F.3d 1399, 1409 (5th Cir.1994). "[I]f a defendant materially breaches his obligation under a plea agreement, the government is released from its obligations under that compact." *Id.* The party seeking to rescind a plea agreement must prove a material breach by a preponderance of the evidence.[1] *Bickham Lincoln–Mercury Inc. v. United States,* 168 F.3d 790, 793 (5th Cir.1999); *United States v. Verrusio,* 803 F.2d 885, 894 (7th Cir.1986).

In determining what constitutes a material breach, the Fifth Circuit has applied the general contract law principle that a "breach is not material unless the non-breaching party is deprived of the benefit of the bargain. The less the non-breaching party is deprived of the expected benefits, the less material the breach." *United States v. Castaneda,* 162 F.3d 832, 838 (5th Cir.1998). Further, this Circuit has defined material breach by comparing it with the converse concept of substantial performance, stating that "if a party's 'nonperformance ... is innocent, does not thwart the purpose of the bargain, and is wholly dwarfed by that party's performance,' the breaching party has substantially performed under the contract, and the non-

---

1. A district court's findings as to whether a defendant breached a plea agreement will be reversed only if clearly erroneous. *Ballis,* 28 F.3d at 1409. "Any credibility decisions are reserved to the district court's discretion and will not be disturbed on appeal." *Id.*

breaching party is not entitled to recission." *Id.* at 838–39.

Applying these standards, the Fifth Circuit has allowed the government to rescind plea agreements when the defendant fails to act consistently with the bargain he made. *See, e.g., Ballis,* 28 F.3d at 1409 (affirming the district court's finding that the defendant had breached the plea agreement by testifying untruthfully and withholding information); *United States v. Donahey,* 529 F.2d 831, 832 (5th Cir.1976) (concluding that the district court had "ample basis" for concluding that the defendant breached the plea agreement where the defendant provided evasive and misleading answers, gave answers that could not be verified, and refused to answer questions at all). However, the court of appeals has declined to allow rescission of a nonprosecution agreement where it found substantial, though incomplete, performance by the defendant. *See Castaneda,* 162 F.3d at 837–38 (finding that "relatively insignificant omissions by [the defendant] did nothing to frustrate the government's prosecution of [his co-defendant]," and noting that "these omissions pale by comparison to the plethora of information delivered by [the defendant]").

■ In this case, the government properly asserts that Lebeaud materially breached his plea agreement by his conduct at the trial of James Respert. During his breakdown on the stand, Lebeaud was uncooperative and refused to give testimony consistent with his statements under oath at his rearraignment. Instead, he said "It wasn't like it was—it wasn't the truth in it. It was the truth and not the truth. It was the things that I had to say." And in response to a question asking whether he was prepared to tell the truth, Lebeaud said, "The truth is so twisted up." A different Lebeaud from a few days earlier. *See Hentz v. Hargett,* 71 F.3d 1169, 1174–75 (5th Cir.1996) ("One

can hardly imagine a more unlikely scenario than the State's agreeing to a negotiated plea of guilty so that the defendant could testify in a later trial that he was not guilty."); *see also id.* at 1175 n. 9 (noting that "a prosecutor has ethical obligations to bargain only for truthful testimony").

■ Lebeaud argues that he did not breach the plea agreement because he was never given the opportunity to complete his testimony. The government decided not to call him. However, the failure of the government to call Lebeaud back to testify does not preclude a finding of breach. In *Hentz,* 71 F.3d at 1172, the prosecutor decided not to call the defendant as a witness in his co-defendant's murder trial after he informed the prosecutor of his intent not to testify in accordance with statements he had provided during his debriefing. The district court concluded that by recanting his prior statements, the defendant had breached the plea agreement and that the prosecutor was excused from calling him to testify under the principle of anticipatory repudiation. *Id.* at 1173–74. The Fifth Circuit affirmed, noting that "an attorney may not call a witness to the stand when the attorney knows the witness is going to perjure himself." *Id.* at 1175 n. 9. Similarly, in this case, Lebeaud's testimony reflects at best some confusion about his willingness to tell what he earlier said under oath was the truth. The U.S. attorney cannot be faulted for refusing to recall Lebeaud in these circumstances. Lebeaud's conduct at trial was wholly inconsistent with his statements in open Court at his rearraignment hearing. In short, Lebeaud didn't want the plea bargain and he shall not have it.[2]

Accordingly, the Government's Motion to Rescind Plea Agreement is GRANTED.

---

**2.** Whether Lebeaud's admissions of guilt at his rearraignment hearing are admissible at his trial is an issue not raised by counsel nor reached by the Court at this time.