IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 28, 2008

Charles R. Fulbruge III
Clerk

No. 07-40153

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RODOLFO DE JESUS GUZMAN

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:06-CR-710-2

Before JONES, Chief Judge, and DAVIS and GARZA, Circuit Judges.

PER CURIAM:[*]

Rodolfo De Jesus Guzman pleaded guilty to conspiracy to possess with intent to distribute 100 kilograms or more of marijuana. The district court sentenced him to 220 months in prison. On appeal, Guzman argues that the district court abused its discretion by not allowing him to withdraw his guilty plea, that it violated his constitutional right to a public trial by closing the courtroom during his sentencing hearing, and that counsel was ineffective for failing to object to the closure of the courtroom. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As an initial matter, the Government contends that the appeal waiver Guzman signed as a part of his plea agreement bars this appeal. Guzman responds that the appeal waiver is invalid because the Government breached or voided the plea agreement. We pretermit this issue because we conclude that Guzman is not entitled to relief on the merits. See United States v. Story, 439 F.3d 226, 230-31 (5th Cir. 2006) (holding that a valid appeal waiver does not implicate this court's jurisdiction).

Guzman first contends that the district court abused its discretion by not allowing him to withdraw his guilty plea. We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Powell, 354 F.3d 362, 370 (5th Cir. 2003). A defendant does not have an absolute right to withdraw his guilty plea. Id. A district court may, in its discretion, permit withdrawal before sentencing if the defendant can show a "fair and just reason." Id. When determining whether a defendant has shown a fair and just reason, this court considers whether: (1) the defendant has asserted his innocence, (2) withdrawal would prejudice the Government, (3) the defendant has delayed in filing his withdrawal motion, (4) withdrawal would substantially inconvenience the court, (5) close assistance of counsel was available, (6) the original plea was knowing and voluntary, and (7) withdrawal would waste judicial resources. United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984).

The Carr factors weigh against allowing Guzman to withdraw his guilty plea. Guzman does not assert his innocence. He waited months after the Government initiated forfeiture proceedings before moving to withdraw his plea on that basis. In addition, Guzman does not argue that he did not have the close assistance of counsel during his rearraignment or that counsel was ineffective in connection with his plea. The record also indicates that conducting a trial would have substantially inconvenienced the court because Guzman was

charged with participation in a large drug conspiracy, involving many co-conspirators.

With respect to the sixth factor, Guzman argues that he did not knowingly and voluntarily enter his guilty plea because he understood the plea agreement to include a promise that the Government would not seek forfeiture of his assets. Guzman argues that the Government breached this promise when it later initiated forfeiture proceedings. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, [the] promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). Breach of such a promise taints the voluntariness of a guilty plea. McNeil v. Blackburn, 802 F.2d 830, 832 (5th Cir. 1986). The Government breaches a plea agreement when its conduct is inconsistent with the defendant's reasonable understanding of the agreement. See United States v. Munoz, 408 F.3d 222, 226 (5th Cir. 2005).

In this case, Guzman's interpretation of the plea agreement as creating a promise not to seek forfeiture is unreasonable. The plea agreement states, "the defendant further agrees to . . . not oppose the forfeiture of assets contemplated in this agreement." Because the agreement references "assets contemplated in the agreement" but does not identify any assets as subject to forfeiture, Guzman maintains that the Government impliedly promised not to seek forfeiture of any of his assets.

This provision defines an obligation that Guzman, not the Government, agreed to undertake. Because the agreement did not specify any assets, Guzman was free to contest any and all forfeitures. It does not follow, however, that the Government impliedly promised not to seek any forfeiture whatsoever. The Supreme Court has cautioned against implying a term upon which the parties did not themselves agree, see United States v. Benchimol, 471 U.S. 453, 455 (1985), and this court has likewise been reluctant to read terms into plea

agreements. See, e.g., Bickham Lincoln-Mercury Inc. v. United States, 168 F.3d 790, 794 (5th Cir. 1999).

Moreover, Guzman's decision to wait months after the Government initiated forfeiture proceedings before moving to withdraw his guilty plea indicates that his original plea did not "rest in any significant degree" on the alleged promise not to seek forfeiture. See Santobello, 404 U.S. at 262. Guzman's decision to plead guilty was knowing and voluntary. The district court did not abuse its discretion in denying Guzman's motion to withdraw his guilty plea.

Next, Guzman argues that the district court violated his constitutional right to a public trial when it closed the courtroom during his sentencing hearing. However, Guzman failed to object to the closure of the courtroom and therefore waived any right he may have had to an open sentencing hearing. See United States v. Hitt, 473 F.3d 146, 155 (5th Cir. 2007) ("Where a defendant, with knowledge of the closure of the courtroom, fails to object, that defendant waives his right to a public trial.").

Finally, Guzman contends that his counsel was ineffective for failing to object to the closure of the courtroom. Generally, this court declines to review claims of ineffective assistance of counsel on direct appeal. United States v. Miller, 406 F.3d 323, 335-36 (5th Cir. 2005). This court has "undertaken to resolve claims of inadequate representation on direct appeal only in rare cases where the record allowed the court to evaluate fairly the merits of the claim." United States v. Higdon, 832 F.2d 312, 314 (5th Cir. 1987). Here, the record provides no details about counsel's conduct. Guzman's argument that his counsel was ineffective is therefore premature.

For these reasons, the judgment of the district court is AFFIRMED.