# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2734

_____

| | | |
|---|---|---|
| Sadou Bah, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of |
| v. | * | an Order of the Board |
| | * | of Immigration Appeals. |
| Alberto Gonzales, Attorney General | * | |
| of the United States of America, | * | [PUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: August 4, 2006
Filed: August 9, 2006

_____

Before MURPHY, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Liberian citizen Sadou Bah petitions for review of an order of the Board of Immigration Appeals (BIA) finding lack of jurisdiction to entertain Bah's appeal of an Immigration Judge's (IJ's) denial of his motion to reopen removal proceedings. The BIA erroneously found that Bah had failed to argue, in his brief to the BIA, that his appeal waiver was not knowing and intelligent. We thus remand the case to the BIA for it to determine in the first instance the validity of Bah's waiver of his right to administrative appeal. See United States v. Rodriguez, 420 F.3d 831, 834 (8th Cir. 2005) (where waivers of right to appeal were not considered or intelligent, alien was deprived of judicial review of deportation proceeding); Palavra v. INS, 287 F.3d 690,

694 (8th Cir. 2002) (where agency failed to perform its fact-finding function, case was not ripe for appellate review); cf. El-Sheikh v. Ashcroft, 388 F.3d 643, 648 (8th Cir. 2004) (lacking BIA finding as to asylum applicant's credibility and BIA analysis of what material facts central to his claim of past persecution should have been reasonably corroborated, court of appeals had no way of reviewing BIA's actual reasoning).

Accordingly, we grant Bah's petition for review, and we remand to the BIA for a determination as to the validity of Bah's appeal waiver.

_____