# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2072

_____

Sadou Alious Bah,                *

                                  *

             Petitioner,         *   Transferred from the United

                                    *   States District Court for the

    v.                          *   District of Minnesota.

                                    *

Michael B. Mukasey,        *

                                    *

            Respondent.       *

_____

Submitted: March 12, 2008
Filed: April 3, 2008

_____

Before BYE, SMITH, and COLLOTON, Circuit Judges.

_____

BYE, Circuit Judge.

On July 6, 2006, United States Citizenship and Immigration Services ("USCIS") denied Sadou Bah's application for Temporary Protected Status ("TPS"). 8 U.S.C. § 1254a. Bah thereafter filed this action, seeking a writ of mandamus to compel USCIS to grant him TPS. Upon concluding it did not have jurisdiction, the district court transferred Bah's action to our Court, pursuant to 28 U.S.C. § 1631. Because we do not have jurisdiction to review Bah's claims, we dismiss his action as having been improperly transferred.

I

Bah is a native and citizen of Liberia, who entered the United States in 1990. He first applied for TPS in 1991 and USCIS approved his application in 1994. Bah reapplied for TPS and was approved many times, for example, in March 1995, April 1996, April 1997, March 1998, and February 2005. On July 15, 2005, USCIS notified Bah it intended to withdraw his TPS approval, and did so on September 13, 2005. Bah appealed to the Administrative Appeals Office ("AAO"), which affirmed the decision.

In April 2006, Bah renewed his TPS application, which USCIS denied on July 6, 2006. Bah did not appeal the decision to the AAO. Instead, on August 7, 2006, Bah petitioned the United States District Court for the District of Minnesota for writs of habeas corpus and mandamus to compel reinstatement of his TPS. The district court granted Bah's writ of habeas corpus, and transferred his request for a writ of mandamus to this Court, pursuant to 28 U.S.C. § 1631. The district court noted Bah's claims well might be procedurally barred, but transferred them nonetheless.

In the meantime, Bah appealed the Bureau of Immigration Appeals' ("BIA['s]") dismissal of his appeal of an Immigration Judge's ("IJ['s]") denial of his motion to reopen immigration proceedings. On August 9, 2006, we held the BIA erred in dismissing Bah's appeal and remanded his case to the BIA. Bah v. Gonzales, 457 F.3d 838 (8th Cir. 2006). The BIA vacated its earlier decision and remanded the case to the IJ so as to allow Bah to reapply for relief from removal. In re Bah, 2007 WL 1154014 (BIA Feb. 8, 2007). Since February 8, 2007, the date on which the BIA vacated its earlier decision, there has been no final order of removal of Bah by the BIA. After remand, Bah is currently in removal proceedings before an IJ.

II

"[T]his Court has jurisdiction to determine preliminary jurisdictional issues." Vasquez-Velezmoro v. INS, 281 F.3d 693, 695 (8th Cir. 2002). Under 8 U.S.C. § 1252(a)(1), we have jurisdiction to review final orders of removal. Ikenokwalu-White v. Gonzales, 495 F.3d 919, 925 (8th Cir. 2007) (holding this Court only has jurisdiction where there is a final order of removal). Bah argues 8 U.S.C. § 1252(a)(2)(D) grants this Court jurisdiction over all constitutional claims and questions of law. We disagree. Although § 1252(a)(2)(D) does provide us with jurisdiction to review alleged constitutional violations or errors of law, it applies only to petitions for review of final orders of removal. Id. In other words, the exception for constitutional claims and questions of law is not a general grant of appellate court jurisdiction over all appeals; the alleged constitutional violations or errors of law must result in a final order of removal which is otherwise directly appealable to our Court. Id.; see also Wijono v. Gonzales, 439 F.3d 868, 871-72 (8th Cir. 2006) (holding failure to administratively exhaust precludes consideration of constitutional claims). Because the BIA vacated its previous order of removal and remanded to the IJ for further proceedings, there is no final order of removal in Bah's case at this time. Thus, we are without jurisdiction to hear his claims.

Furthermore, Bah has not appealed the most recent decision of USCIS to the AAO. Section 1252(d)(1) provides we may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1); see also Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51 (1938) (explaining "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted."). Judicial review provisions are jurisdictional in nature and must be construed strictly. Stone v. INS, 514 U.S. 386, 405 (1995). Nevertheless, Bah argues we should excuse his failure to exhaust on the grounds of futility. He argues an administrative appeal would be futile, since he has already lost an identical appeal to the AAO. But, futility

will not excuse a jurisdictional mandate.  See Bowles v. Russell, 127 S. Ct. 2360, 2366 (2007) (emphasizing "this Court has no authority to create equitable exceptions to jurisdictional requirements"); Darby v. Cisneros, 509 U.S. 137, 154 (1993) (recognizing an appeal to a superior agency authority is a prerequisite to judicial review when expressly required by statute or by agency rule); Howell v. INS, 72 F.3d 288, 291 (2d Cir. 1995) (finding exceptions to the exhaustion rule do not apply when a statute specifically mandates exhaustion as a prerequisite to judicial review).  Bah is currently in removal proceedings before an IJ, from whom he can request TPS and other relief.  Because of being in the process of pursuing administrative relief, Bah has not yet exhausted his administrative remedies.  We, therefore, have no jurisdiction to hear his claims.

This case is not properly before our Court.  The district court transferred this action by virtue of 28 U.S.C. § 1631, which allows transfer of an action or appeal – including a petition for review of administrative action – to this Court if it could have been brought in our Court at the time it was filed or noticed.  Because we lack jurisdiction to review Bah's claims, this action cannot be brought here now.  The district court having improperly transferred the litigation, we have no alternative other than to dismiss it.

III

For the foregoing reasons, we dismiss this litigation.

_____