# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 09-3327/10-1806

_____

| | | |
|---|---|---|
| Bale Chevrolet Company, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| United States of America, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: June 17, 2010
Filed: September 2, 2010

_____

Before SMITH and HANSEN, Circuit Judges, and WEBBER,[1] District Judge.

_____

SMITH, Circuit Judge.

The Internal Revenue Service (IRS) imposed $100,000 in intentional disregard penalties against Bale Chevrolet Company ("Bale") for failing to file required Forms 8300 information returns. Bale paid the penalty but later challenged the fine in district court.[2] Subsequently, the IRS and Bale settled the matter, and the IRS rescinded the penalty. Bale submitted a motion for fees pursuant to I.R.C. § 7430 arguing that the

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri, sitting by designation.

[2]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

government's position regarding the intentional disregard penalties lacked "substantial justification." The district court denied the fees motion citing two grounds. First, the district court held that the government had proven that its position was substantially justified. Second, the district court held that Bale had failed to establish that it met the 500-employee limit set forth in § 7430. Bale now appeals arguing that (1) the government's position was not substantially justified and (2) it should be allowed to supplement the record to establish that it meets the 500-employee limit. We disagree with Bale and affirm the district court.

## I. *Background*

Bale, an Arkansas corporation formed in 1923, owns and operates new and used automobile and truck dealerships in various locations in Little Rock, Arkansas. The IRS audited Bale in 1991, 1996, and 2000 for compliance with I.R.C. § 6050I.[3] In 1991, the IRS found no violations. In 1996, the IRS found that Bale had failed to file one of two Forms 8300 as required by § 6050I and imposed a $50 § 6721(a)(1)[4] penalty for the violation. Bale's business manager subsequently signed an acknowledgment of requirement to file Form 8300 and submitted a "reasonable cause" letter, stating that the violation "was due to lack of knowledge and understanding," "since the audit has taken place key persons within the dealership are aware and

---

[3]I.R.C. § 6050I(a) provides:

Any person (1) who is engaged in a trade or business, and (2) who, in the course of such trade or business, receives more than $10,000 in cash in 1 transaction (or 2 or more related transactions), shall make the return described in subsection (b) with respect to such transaction (or related transactions) at such time as the Secretary may by regulations prescribe.

[4]I.R.C. § 6721(a)(1) provides: "In the case of a failure . . . by any person with respect to an information return, such person shall pay a penalty of $50 for each return with respect to which such a failure occurs . . . ."

understand the rules and regulations behind the 8300," and "several procedures have been implemented and are being implemented to detect transactions that require the filing." In the 2000 audit, the IRS determined that, during tax years 1998, 1999, and 2000, Bale had failed to file four of five required Forms 8300 and proposed intentional disregard penalties of $25,000 for each of the four violations pursuant to I.R.C. § 6721(e)(2)(C)(I).[5] Bale's business manager signed another acknowledgment of requirement to file Form 8300 and submitted another reasonable cause letter. In this letter, the business manager acknowledged "a need for implementing new procedures to ensure proper and timely reporting with regard to this matter" and stated that the old procedure was "faulty" and "relied upon one person passing the information to another, then to another and another and another."

Bale filed a written protest of the intentional disregard penalties with the IRS Office of Appeals on October 12, 2001. On February 26, 2002, Eugene G. Sayre,

---

[5] I.R.C. § 6721 provides in pertinent part:

(e) **Penalty in case of intentional disregard.**—If 1 or more failures described in subsection (a)(2) are due to intentional disregard of the filing requirement (or the correct information reporting requirement), then, with respect to each such failure—
    (2) the penalty imposed under subsection (a) shall be $100, or, if greater—
        (C) in the case of a return required to be filed under section 6050I(a) with respect to any transaction (or related transactions), the greater of—
            (i) $25,000, or
            (ii) the amount of cash (within the meaning of section 6050I(d)) received in such transaction (or related transactions) to the extent the amount of such cash does not exceed $100,000.

counsel for Bale, indicated his intent to provide additional information and asked that the IRS withhold a decision until he provided the information. The appeals officer assigned to the case sent two letters to Sayre, on April 24, 2002, and September 10, 2002, asking for the promised information. On September 27, 2002, after the appeals officer told Sayre that the information might enable him to recommend settlement, Sayre promised to provide the information by early October 2002. On December 3, 2002, not having received the information, the appeals officer sustained the proposed penalties. On December 10, 2002, Sayre sent the promised information to the appeals officer, who responded, on December 13, 2002, that the Office of Appeals lacked jurisdiction over the case.

Bale paid the intentional disregard penalties on January 8, 2003, and filed refund claims with the IRS on January 10, 2005. On February 8, 2006, the IRS disallowed the refund claims. Bale appealed that decision in April 2006. The Office of Appeals initially disallowed the appeal on August 15, 2007, erroneously asserting that the refund claims were untimely, but, on September 21, 2007, it agreed to give the claims for refund a second administrative review. The Office of Appeals had not yet issued a decision when Bale filed the complaint in this matter.

On January 22, 2008, Bale filed the instant complaint, seeking a refund of the penalties, damages for alleged constitutional violations, and attorney's fees and costs under I.R.C. § 7430. The Department of Justice, Tax Division, defended the lawsuit. On July 10, 2008, the parties reached a settlement under which the government agreed to refund the $100,000 in intentional disregard penalties. On November 25, 2008, the parties jointly notified the district court that they had settled the penalties claim, but not Bale's claim for costs and attorney's fees. The joint notice stated that the government had requested "a declaration and supporting documentation demonstrating

-4-

that Bale meets the prerequisites for attorney fees set forth in IRS § 7430,[6] particularly § 7430(c)(4)(A)(ii) and 28 U.S.C. § 2412(d)(2)(B), related to its net worth and number of employees at the time the action was filed." On December 1, 2008, the district court dismissed the case.

On January 20, 2009, Bale submitted a motion for fees, with exhibits attached. Bale argued that the government's position regarding the intentional disregard penalties lacked "substantial justification." In its motion, Bale addressed its net worth but did not address or include any materials showing its number of employees. Bale also sought a higher fee rate than the statutory maximum rate, alleging that its counsel —Sayre—has tax and civil litigation expertise. The government opposed the fees motion. It argued that its position regarding the penalties was substantially justified because of the lack of relevant § 6050I case law, particularly in 2002 when the appeals officer made his determination. The government also argued that Bale's failure to submit evidence as to its number of employees compelled denial of the fees motion. On September 4, 2009, the district court denied the fees motion.

## II. *Discussion*
### A. *Substantial Justification*

On appeal, Bale asserts that there were a sufficient number of litigated cases at the time of the assessment of the intentional disregard penalties in question to establish that the IRS was not substantially justified in assessing $100,000 in penalties.

---

[6]I.R.C. § 7430 requires a party seeking attorney's fees and costs from the government to meet the requirements set forth in 28 U.S.C. § 2412(d)(2)(B). Section 2412(d)(2)(B) requires a corporation seeking attorney's fees and costs to establish that the party's net worth did not exceed $7,000,000 and that the party did not employ more than 500 employees at the time the civil action was filed.

Second, Bale argues that proper review of the legislative history behind the statutory provisions that are now contained in § 6721(e)(2), with regard to the creation of the intentional disregard penalty, clearly establishes that the IRS was acting erroneously and beyond Congress's legislative intent when it assessed the intentional disregard penalties. Bale contends that Congress intended to substantially increase the penalties on taxpayers and businessmen who deliberately avoided the filing of tax information returns with the IRS. Bale maintains that it attempted, in good faith, to comply with the Form 8300 filing requirements and that it did not in any way willfully attempt to evade such filing obligations during the three audited tax years.

Third, Bale submits that its position was handled properly and conservatively by its counsel, who has had special training and experience regarding complex federal tax matters. Therefore, Bale requests that we not only reverse the trial court's order but also exercise our discretion and award it reimbursement of its attorney's fees at the rate actually charged. Alternatively, Bale requests our court to order that its attorney's fees be reimbursed at the hourly rates as determined in Revenue Procedure 2008-66—$180.00 per hour.

Finally, Bale submits that it is entitled to recover from the IRS all of the costs that it has reasonably incurred at both the administrative level and during this litigation proceeding, including reasonable attorney's fees and related costs of long distance telephone service, photocopies, printing, postage, travel, air express, other similar expenses, and as filing fees.

"Denial of a motion for attorney fees under I.R.C. § 7430 should be reversed only if the district court abused its discretion." *United States v. Bisbee*, 245 F.3d 1001, 1007 (8th Cir. 2001). "We review for abuse of discretion a district court's determination that the government's actions were substantially justified." *Bah v. Cangemi*, 548 F.3d 680, 683 (8th Cir. 2008). Substantially justified means "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S.

552, 565 (1988). "A substantially justified position need not be correct so long as 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Bah*, 548 F.3d at 683–84 (quoting *Pierce*, 487 U.S. at 566 n.2).

Where a party seeks fees and costs for administrative and court proceedings from the United States, § 7430 requires the government to demonstrate that both its administrative and litigation positions were substantially justified. *Pac. Fisheries Inc. v. United States*, 484 F.3d 1103, 1109–10 (9th Cir. 2007) (citing I.R.C. § 7430(c)(4)(B)). Because the IRS took substantially the same position at both the administrative and litigation stages of the proceedings, we analyze both positions simultaneously.

We hold that the government's positions in this matter were substantially justified. First, this case involves a novel issue apparently not yet addressed by any court of appeals. Specifically, we must address whether a company that fails to adopt an adequate reporting system after acknowledging that its current system is deficient is subject to intentional disregard penalties pursuant to § 6721(e). In *Bah*, we stated that "[t]he government may also be justified in litigating a legal question that is unsettled in this circuit." 548 F.3d at 684; *see also Taucher v. Brown-Hruska*, 396 F.3d 1168, 1178 (D.C. Cir. 2005) (finding that the Commodity Futures Trading Commission's position was substantially justified where there was a lack of controlling precedent); *Griffon v. U.S. Dept. of Health and Human Servs.*, 832 F.2d 51, 53 (5th Cir. 1987) (finding government's position substantially justified where the questions presented were "both novel and difficult").

Bale submits that *Bickham Lincoln-Mercury Inc. v. United States*, 168 F.3d 790 (5th Cir. 1999), and *In re Quality Medical Consultants, Inc.*, 192 B.R. 777 (Bankr. M.D. Fla. 1995), *aff'd*, 214 B.R. 246 (M.D. Fla. 1997), support the proposition that the government's administrative position was not substantially justified. However, these cases are distinguishable from the instant matter in important respects. *Bickham*

involved an automotive dealer that pleaded guilty to deliberately violating § 6050I and did not address whether intentional disregard penalties are appropriate in other factual situations. 168 F.3d at 792. Moreover, *Bickham* does not address whether intentional disregard penalties are appropriate where a taxpayer, as here, fails to adopt an adequate reporting system to ensure compliance with § 6050I after previously being found in violation of that law.

Similarly, in *Quality*, which dealt with a different tax information report, the bankruptcy court credited testimony regarding the mistaken interpretation of the person charged with filing the report. 192 B.R. at 782. The court further found that there was substantial turmoil at the company, including a bankruptcy filing, that may have contributed to the failure to file the returns. *Id.* By contrast, Bale, from a prior violation, knew that the returns were required and had informed the IRS that its failure to adopt a competent system for identifying reportable transactions caused the noncompliance. Consequently, neither case that Bale cites compels the conclusion that the IRS's position was not substantially justified, or that the district court abused its discretion.

Finally, Bale asserts that *Tysinger Motor Co. v. United States*, 428 F. Supp. 2d 480 (E.D. Va. 2006), supports its position. In *Tysinger*, the court held that an automobile dealership did not intentionally disregard § 6721's filing requirements and ordered the IRS to refund the assessed the penalties. *Id.* at 485–86. However, we find *Tysinger* unpersuasive for several reasons. First, *Tysinger* was decided approximately four years after the appeals officer issued his initial order. Second, as a district court decision, *Tysinger* possesses limited precedential value in this context. *See* I.R.C. § 7430(c)(4)(B)(iii) (specifically directing a court deciding whether a government position was substantially justified to "take into account whether the United States has lost in courts of appeal for other circuits on substantially similar issues"). Lastly, two facts in this case distinguish it from *Tysinger*: (1) the substantially higher failure rate with Bale, which failed to file 80 percent of the required Forms 8300 during the audit

period, in contrast to the 50 percent failure rate in *Tysinger*, and (2) Bale's business manager admitting in her second reasonable cause letter that Bale had failed to adopt an adequate procedure after the prior audit.

We also note that where a case involves primarily factual questions, this court has found that the government's position was substantially justified. *See Kaffenberger v. United States*, 314 F.3d 944, 960 (8th Cir. 2003) (finding government position substantially justified where issues were of a "fact intensive nature"). This case turns on factual determinations concerning Bale's knowledge and actions.

Additionally, we find that § 6721's legislative history does not compel the conclusion that its application is restricted to taxpayers and businessmen who deliberately avoid filing tax information returns with the IRS. After reviewing § 6721's legislative history, we find nothing that precludes the IRS from concluding that an intentional disregard penalty may be appropriate where a company, despite knowing that its reporting system is inadequate to ensure compliance with § 6050I, fails to remedy those flaws and commits subsequent violations.

Finally, because we conclude that the government's positions were substantially justified, we need not reach Bale's arguments regarding the calculation of attorney's fees and costs.

### B. *500-Employee Limit*

Because we conclude that the government's positions were substantially justified, we do not address Bale's 500-employee limit evidence, the district court's second ground for denying Bale's fees motion.

### III. *Conclusion*

We affirm.

_____