# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1925

_____

United States of America,      *
     *
        Appellant,      *
     *    Appeal from the United States
    v.      *    District Court for the
     *    Eastern District of Arkansas.
Bobby L. Hurt; Sue R. Hurt,      *
     *
        Appellees.      *

_____

Submitted: January 10, 2012
Filed: April 12, 2012

_____

Before RILEY, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.

_____

RILEY, Chief Judge.

The United States sued Bobby and Sue Hurt, alleging they engaged in a pattern or practice of sex discrimination in the rental of housing, in violation of the Fair Housing Act (FHA), 42 U.S.C. § 3601, et seq. After a jury found for the Hurts, the district court granted in part the Hurts' motion for costs and attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The government appeals the award of attorney fees. We reverse and vacate the district court's award of attorney fees.

# I.    BACKGROUND

The United States sued the Hurts under the FHA, alleging (1) Bobby engaged in a pattern or practice of sexual harassment of female tenants at trailer parks he managed and Sue and he owned, in violation of 42 U.S.C. §§ 3604(a)-(c) and 3617; and (2) Sue was liable as the trailer parks' owner for the discriminatory conduct of her agent, Bobby, because Sue knew or should have known about Bobby's conduct and failed to prevent or correct it.

The case was tried to a jury.  During the trial, eight women testified about Bobby's actions toward them while they were living in the Hurts' trailer parks. Several of the women claimed Bobby entered their homes and exposed his genitalia, touched the women's breasts and inner thighs, and made lewd comments.  Others testified Bobby solicited sexual favors in exchange for housing or utilities.  One woman said she told Sue about Bobby's behavior.  The women also described the emotional harm they suffered as a result of Bobby's alleged misconduct.  Jimmy Alexander, a manager of other trailer parks, corroborated some of the women's testimony, claiming Bobby gave him advice on collecting rent and obtaining sexual favors from tenants.

At the close of the government's case, and at the end of the evidence, the Hurts moved for judgment as a matter of law[1] arguing (1) the claim was time-barred with regard to most of the alleged victims; (2) Sue could not be liable for Bobby's actions; (3) some of Bobby's alleged misconduct did not violate the FHA; (4) there was insufficient evidence of a pattern or practice of sexual harassment; and (5) the government had not proved an award of punitive damages was applicable.  The district court granted judgment as a matter of law on the damages claim for one

---

[1]Although the parties refer to motions for a "directed verdict" in their briefs, we will use the term "judgment as a matter of law" from Federal Rule of Civil Procedure 50(a).

alleged victim and the claim for punitive damages against Sue, but denied the motion in all other respects. The district court found, even though several victims' claims were not recoverable, those victims could still be part of a pattern or practice of sexual harassment in violation of the FHA. The district court applied the statute of limitations standard the court had used in Title VII, 42 U.S.C. § 2000e, et seq., cases, declaring "you can go back almost indefinitely if it's part of the same pattern or same practice."

After the jury found the Hurts were not liable, the district court entered final judgment for the Hurts on November 29, 2010. The Hurts then moved for $16,008.51 in costs and $271,550 in attorney fees pursuant to the EAJA. The district court awarded the Hurts $16,008.51 in costs and $142,905 in attorney fees. The district court first determined the government was substantially justified only in bringing "claims" on behalf of four of the ten alleged victims[2] identified and investigated during the course of the litigation. The district court explained, although the six other "victims provided sufficient testimony to create a material factual dispute, it was clear that they were not credible." In calculating the fee award, the district court first reduced the amount of attorney fees requested by 15% to account for "duplicative services and . . . defending motions on which the government was successful." The district court reduced that amount by 40%, "the percentage of the claims for which there was a reasonable basis of law and fact."

On appeal, the government contends the district court abused its discretion in awarding the Hurts attorney fees, and does not contest the award of costs.

## II.    DISCUSSION

The EAJA requires awarding attorney fees to defendants who prevail in suits brought by the United States "unless the court finds that the position of the United

---

[2]Two of the ten women did not testify at trial.

States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "Substantially justified" means the government's position "has a reasonable basis in law and fact." Bah v. Cangemi, 548 F.3d 680, 683-84 (8th Cir. 2008) (quoting Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988) (internal quotation marks omitted)). The EAJA also allows for a discretionary award of other costs. See 28 U.S.C. § 2412(a)(1). We review a district court's award of attorney fees under the EAJA for abuse of discretion, reviewing conclusions of law de novo and findings of fact for clear error. See U.S. Dep't of Labor v. Rapid Robert's Inc., 130 F.3d 345, 347 (8th Cir. 1997). The government carries the burden of proving its position was substantially justified. Bah, 548 F.3d at 684.

### A.    Single Claim

The EAJA "favors treating a case as an inclusive whole, rather than as atomized line-items." Comm'r v. Jean, 496 U.S. 154, 161-62 (1990). In determining whether the government's position is "substantially justified," the district court should make "only one threshold determination for the entire civil action." Id. at 159.

In this case, the government brought a single pattern or practice claim. See Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 360 (1977) (recognizing that "[t]he plaintiff in a pattern-or-practice action is the Government"); United States v. Big D Enters., Inc., 184 F.3d 924, 930 (8th Cir. 1999) (citing Int'l Bhd. of Teamsters in an FHA pattern or practice suit and deciding the government (rather than individual victims) must prove "the defendant engaged in discriminatory activity as a matter of standard operating procedure"). The district court here should have made a single determination about whether the government's suit, as a whole, was substantially justified. The district court improperly considered the case as consisting of ten individual victims' claims for separate assessment, rather than as a single pattern or practice claim. This error requires reversal.

-4-

The Hurts' arguments to the contrary are without merit. First, the Hurts argue the government waived this issue by not raising it when opposing the Hurts' motion for attorney fees in the district court. The government could not anticipate this error, which the district court introduced in its order. In addition, before the order, the Hurts argued the government should reimburse all of their attorney fees and did not alternatively argue the government should reimburse a proportional award based on the merit of the individual victims' claims.

Next, the Hurts maintain the district court actually did not separately consider whether each victim's claim was substantially justified. The Hurts contend the district court had already found the lawsuit as a whole was not substantially justified, and only considered the alleged victims individually when calculating the amount of fees owed. We disagree. The district court, in determining whether to award attorney fees, stated "In determining what is reasonable, it must first be determined whether the government had 'a reasonable basis in law and fact' to bring any of the claims that it brought." The district court then concluded only four of the "claims" were credible. The district court plainly treated the lawsuit as a series of separate claims, rather than as one pattern or practice claim.

## B.    Substantially Justified

The district court did not consider whether the government's position as a whole was substantially justified. As we did in <u>Bah</u>, "we conclude that the record supports a finding that the [government's] conduct was substantially justified." <u>Bah</u>, 548 F.3d at 684. "[W]here a case involves primarily factual questions, this court has found that the government's position was substantially justified." <u>Bale Chevrolet Co. v. United States</u>, 620 F.3d 868, 873 (8th Cir. 2010); <u>cf.</u> <u>EEOC v. Liberal R-II Sch. Dist.</u>, 314 F.3d 920, 926 (8th Cir. 2002) (concluding the government's position was substantially justified where the government presented sufficient direct evidence to avoid summary judgment), <u>abrogated</u> <u>on</u> <u>other</u> <u>grounds</u> <u>by</u> <u>Torgerson v. City of</u>

Rochester, 643 F.3d 1031, 1043, 1059 (8th Cir. 2011).[3]  Credibility is the quintessential factual question.  See Johnson v. Carroll, 658 F.3d 819, 827 (8th Cir. 2011) (observing credibility is a question for the jury).  For this reason, the Seventh Circuit concluded, "when resolution of a case hinges to [a significant] extent on determinations of witness credibility, it is an abuse of discretion to find that the government's position was not substantially justified." Wilfong v. United States, 991 F.2d 359, 368 (7th Cir. 1993).

The Hurts contend Bale Chevrolet Co. is distinguishable because it involved a novel legal issue and a knowledge issue, and the Hurts' case does not involve a novel legal issue.  The novelty of the legal issue in Bale Chevrolet Co. was significant because the taxpayer challenged both the legal and factual basis of the government's position.  See Bale Chevrolet Co., 620 F.3d at 871-73.  The Hurts only challenge the factual basis of the government's position.  Because the legal basis of the government's position in the Hurts' case is not novel, the government's position is more reasonable, not less.

The Hurts' jury's verdict turned on the credibility of the government's witnesses.  The district court acknowledged as much, saying, "[a]lthough these victims provided sufficient testimony to create a material factual dispute, it was clear that they were not credible."

Sexual harassment is actionable under the FHA when it creates "a hostile housing environment" or constitutes "'quid pro quo' sexual harassment." See Quigley

---

[3]The Fourth Circuit, interpreting the fee-shifting provision under Title VII, 42 U.S.C. § 2000e-5(k), declared, "Generally . . . the denial of a motion for judgment as the matter of law made at the close of all evidence strongly indicates that the plaintiff's case was not frivolous, unreasonable, or groundless."  EEOC v. Great Steaks, Inc., 667 F.3d 510, 518 (4th Cir. 2012).  We need not confront this position today.

v. Winter, 598 F.3d 938, 946-47 (8th Cir. 2010). A defendant creates a hostile housing environment by subjecting a victim "to unwelcome sexual harassment, and the harassment was sufficiently severe or pervasive so as to interfere with or deprive [the victim] of her right to use or enjoy her home." Id. Quid pro quo sexual harassment "occurs when housing benefits are explicitly or implicitly conditioned on sexual favors." Id. at 947. The government presented evidence Bobby repeatedly entered tenants' homes and exposed his genitalia, touched female tenants' breasts and inner thighs, and made lewd comments. Several witnesses testified Bobby solicited sexual favors in exchange for housing or utilities, which, if believed, would constitute quid pro quo sexual harassment. There also was evidence Sue knew of the alleged harassment. Although it is conceivable the government may bring a lawsuit with no or so few credible witnesses that its position is not substantially justified, this is not such a case. The district court recognized four of the ten victims as credible, which shows the government's theory of a pattern or practice of sexual discrimination was substantially justified.

The Hurts assert the government's position was not substantially justified because the government did not present sufficient evidence at trial of either (1) a timely claim, because of the statute of limitations, or (2) damages. We first reject the contention that the statute of limitations prevents the government's position from being substantially justified. A pattern or practice claim is "based not solely on isolated incidents . . . , but a continuing violation manifested in a number of incidents." Havens Realty Corp. v. Coleman, 455 U.S. 363, 381 (1982). Such a claim is timely as long as at least one of the incidents occurred during the limitations period. See id. at 380-81. The Hurts concede Bobby's most recent alleged misconduct occurred within the limitations period. This brings the entire pattern or practice claim within the statute of limitations. See id.

Second, for proof of damages, the government need not have presented "evidence of the actual dollar value of the injury." Williams v. Trans World Airlines,

660 F.2d 1267,1272-73 (8th Cir. 1981) (involving an employment discrimination claim under 42 U.S.C. § 1981, determining for mental distress, "proof of out-of-pocket losses or medical testimony, although relevant, is not necessary" and the victim's "own testimony may be solely sufficient to establish humiliation or mental distress"). The victims' own testimony that Bobby's alleged pattern of sexual harassment caused them emotional distress was sufficient. See id.; see also EEOC v. Convergys Customer Mgmt. Grp., 491 F.3d 790, 797 (8th Cir. 2007) (basing damages for emotional distress under the Americans with Disabilities Act solely on the plaintiff's testimony).

## III. CONCLUSION

We reverse and vacate the district court's award of attorney fees.

_____