# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2682

_____

Edgar Gallegos Garcia

*Petitioner - Appellant*

v.

William P. Barr, United States Attorney General; Kenneth T. Cuccinelli, Acting Director, United States Citizenship & Immigration Services; United States Citizenship and Immigration Service; Kevin McAleenan, Secretary of the Department of Homeland Security; Leslie Tritten, District Director, United States Citizenship & Immigration Services

*Respondents - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: June 18, 2020
Filed: August 20, 2020
[Published]

_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Following a one-day bench trial, the district court granted Edgar Gallegos Garcia's application for naturalization. Garcia then moved for attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (2019). The district court denied his motion, and Garcia appeals. We affirm the district court's order with the modification that Garcia is awarded costs.

**I.**

In May 2013, Garcia, then a citizen of Mexico and lawful permanent resident of the United States, was hired by the City of Hopkins, Minnesota, as a police cadet. In August 2014, after Garcia completed the cadet course, the City offered him his "dream job," a position as a Minnesota peace officer. Then-captain Brent Johnson filled out a Certification Form to request a peace officer license for Garcia, without input from Garcia. He provided the Certification Form for both Garcia and then-police chief Michael Reynolds to sign. Minnesota does not require its police cadets to be U.S. citizens but does require its peace officers to be U.S. citizens. As such, above the signature line, the Certification Form asked Garcia to affirm that he was "a citizen of the United States." Garcia signed the Certification Form without reading it. He knew that some states required its officers to be citizens, but he did not research whether Minnesota had such a requirement.

Garcia's request for a peace officer license was granted, and he began working as a full-time patrol officer. Several months later, he resigned for reasons unrelated to his immigration status. He then applied for police officer positions in Texas, where his brother had been a police officer for more than twenty years, and was told that Texas required its police officers to have U.S. citizenship.

Garcia subsequently applied for naturalization and was denied. The naturalization application asked, "Have you ever claimed to be a U.S. citizen (in writing or any other way)?" Under penalty of perjury, Garcia checked the "no" box.

During the in-person naturalization interview, Garcia affirmed under oath the accuracy of his naturalization application, including the answer "no" to whether he had ever claimed to be a U.S. citizen. The government denied his application on the grounds that Garcia lacked good moral character because he falsely stated that he had never claimed to be a U.S. citizen. The government affirmed its denial after a re-hearing, and Garcia filed a petition in federal court for a de novo review of his application.

After completing discovery, including the depositions of Garcia, Reynolds, and Johnson, the parties proceeded to trial. Johnson testified that he filled out the Certification Form without Garcia's input. By way of deposition,[1] Reynolds testified that in his view, Garcia lacked an incentive to lie about his citizenship because the peace officer position could have been held open for him until he was naturalized. Garcia also testified, telling the court that he did not know he had falsely claimed to be a U.S. citizen on the Certification Form until after his naturalization application was denied. He further stated that, had he known of the citizenship requirement, he would have waited to accept the peace officer position until he was naturalized. The district court found Garcia credible and determined that he "did not have the subjective intent of falsely testifying to obtain naturalization benefits." As such, the district court granted Garcia's naturalization application.

Following his success at trial, Garcia moved for attorney's fees and costs under the EAJA. The district court denied both fees and costs because it determined the government's position was "substantially justified." The court noted that the question at trial was "primarily one of Gallegos Garcia's credibility" because "his case depended on him showing the district court *de novo* that he had a credible explanation for making a false statement on his naturalization application." And although the

---

[1] Reynolds was unavailable for trial, and his deposition testimony was admitted without objection.

government "did not ultimately prevail, it was not unjustified in its position or in disputing Gallegos Garcia's credibility." Garcia appeals the denial of fees and costs.

## II.

Under the EAJA, a prevailing party other than the United States may be awarded costs, and attorney's fees and expenses. 28 U.S.C. § 2412. A party seeking attorney's fees and expenses must, within thirty days of final judgment, file a fee application that (1) demonstrates the applicant is the prevailing party and eligible to receive an award; (2) shows the amount sought, including an itemized statement of the actual time expended and the rate at which fees and other expenses were computed; and (3) alleges the "position of the United States" was not substantially justified. Id. § 2412(d)(1)(B).

The government bears the burden of showing that its position, including its pre-litigation conduct, was substantially justified. Bah v. Cangemi, 548 F.3d 680, 684 (8th Cir. 2008); 28 U.S.C. § 2412 (d)(2)(D) (defining "position of the United States" to include its pre-litigation conduct). "Substantially justified" means "justified in the substance or in the main—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (cleaned up). The government's position must have "a reasonable basis both in law and fact." Id.; see U.S. v. Hurt, 676 F.3d 649, 652 (8th Cir. 2012). We review for abuse of discretion a district court's determination that the government's position was substantially justified. Bah, 548 F.3d at 683 (citing Pierce, 487 U.S. at 559–60).

Garcia argues the district court erred by denying fees and costs because the government's position was not substantially justified. According to Garcia, the government's position was not substantially justified because the pre-trial discovery evidence so strongly supported the conclusion that he had simply made a mistake

-4-

when claiming U.S. citizenship, and not that he knowingly made a false statement in his naturalization application or interview.

The government concedes Garcia is entitled to costs in the amount he requests because he is the prevailing party and, unlike for attorney's fees, there is no "substantially justified" requirement for costs under the EAJA. See 28 U.S.C. § 2412(a). However, it argues that its position was substantially justified for purposes of attorney's fees because evidence indicated Garcia lacked good moral character—that is, he "ha[d] given false testimony for the purpose of obtaining immigration or naturalization benefits." Kungys v. United States, 485 U.S. 759, 779 (1998) (cleaned up). In particular, Garcia testified that being a police officer was his "dream job," and evidence showed he was not truthful in his naturalization application and interview about whether he had previously claimed to be a U.S. citizen on the Certification Form. Garcia explained that he had not read the Certification Form before signing it, and thus did not know he had claimed U.S. citizenship. But the government contends sufficient evidence existed to doubt Garcia's credibility and to question his motives, so its position was substantially justified. It also notes that, although Garcia believes pre-trial evidence clearly showed he was credible, he failed to move for summary judgment at the close of discovery.

We conclude the district court did not abuse its discretion by determining the government's position was substantially justified. See Bah, 548 F.3d at 683. As the court noted, the crucial issue in this case was Garcia's credibility. The government presented evidence that Garcia made a false representation on the Certification Form to obtain a peace officer license, another false representation in his naturalization application, and a false statement during his naturalization interview. Although Reynolds and Johnson testified that they completed the Certification Form for Garcia, their testimony did not conclusively show what *Garcia* knew or what his intent was when he signed it. Nor did either testify as to whether Garcia knew that peace

officers in Minnesota had to be U.S. citizens, whether Garcia read the citizenship statement at the bottom of the form, or whether he knew at the time of his naturalization interview that he had previously claimed to be a U.S. citizen. The district court ultimately found Garcia credible and concluded he made an "isolated, innocent mistake of falsely claiming United States citizenship." Based on the evidence, however, and the importance of the court's credibility finding on the end result, the government's position that Garcia lacked good moral character because he had given false testimony for the purpose of obtaining immigration or naturalization benefits was substantially justified.

## III.

Finally, Garcia moves to supplement the record with his and Johnson's deposition transcripts. Recognizing our general rule against considering new evidence on appeal, Garcia contends we should make an exception in the interests of justice because the district court "impliedly contemplated" them, it would be fair and equitable to consider them because they were available to the government, and they would assist us in deciding the legal issues on appeal. But here, the statute states: "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B). The deposition transcripts are not part of the record made below, and Garcia points to no exception to this limitation on what a court shall consider when deciding whether the government's position was "substantially justified." Cf. United States v. 1,378.65 Acres of Land, 794 F.2d 1313, 1319 (8th Cir. 1986). Even if an "interests of justice" exception could apply in this context, however, it would not apply here, where both deponents testified at trial and Garcia does not allege their testimony at trial differed from their deposition testimony.

Accordingly, we deny Garcia's motion to supplement the record, and affirm the district court's order with the modification that costs in the amount of $1,074.18 be awarded to Garcia.

_____