**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

HERBERT FLORES-TORRES, Agency
No. A44-284-242,
            *Petitioner-Appellant,*

v.

MICHAEL B. MUKASEY, Attorney
General; MICHAEL CHERTOFF,
Secretary of the Department of
Homeland Security; NANCY
ALCANTAR, ICE Detention and
Removal Operations Field Office
Director; EDWARD FLORES, Chief of
Corrections, Santa Clara County
Jail,
            *Respondents-Appellees.*

No. 08-16484

D.C. No.
3:08-cv-01037-
WHA

OPINION

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Argued and Submitted
October 20, 2008—San Francisco, California

Filed November 10, 2008

Before: Mary M. Schroeder, Dorothy W. Nelson, and
Stephen Reinhardt, Circuit Judges.

Opinion by Judge Reinhardt

## COUNSEL

Holly S. Cooper, Esq., Supervising Attorney, U.C. Davis Immigration Law Clinic, Davis, California, for the petitioner-appellant.

Joseph P. Russoniello, Esq., United States Attorney, Joann M. Swanson, Esq., Chief, Civil Division, Melanie L. Proctor, Esq., Assistant United States Attorney, San Francisco, California, for the respondents-appellees.

## OPINION

REINHARDT, Circuit Judge:

For over two years, since October 10, 2006, the Bureau of Immigration and Customs Enforcement (ICE) has detained Herbert Alexander Flores-Torres in immigration custody during his ongoing removal proceedings. ICE claims it has the authority to do so under the Immigration and Nationality Act (INA), which permits the detention of an "alien" who is in removal proceedings. Torres, however, contends that he is not an "alien," that he became a United States citizen at the age of seventeen when his mother was naturalized, and that ICE is therefore without authority to detain him. We reverse the district court's dismissal for lack of jurisdiction of Torres's habeas petition challenging his continued confinement, and remand for a determination whether he is a citizen and thus immune from detention under the INA.

## I.   FACTUAL & PROCEDURAL BACKGROUND

Torres was born out of wedlock in El Salvador in 1978. In 1986, he came to the United States to join his mother, who had already moved here. He obtained lawful permanent resident status in 1993, and his mother became a naturalized United States citizen in 1995 when he was seventeen years old.

In 2005, Torres was convicted of possession of a firearm by a felon with two priors, in violation of California Penal Code § 12021(a)(1).[1] The government then charged Torres with

---

[1]Torres was convicted of two prior felonies in 2002 and placed in removal proceedings, but was granted cancellation of removal.

being removable as an alien with a conviction for an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii), and placed him in immigration custody under the mandatory detention statute, 8 U.S.C. § 1226(c). Section 1226(c) requires the Attorney General to detain "any alien" who is inadmissible or deportable for having committed certain offenses.[2]

Torres filed a motion to terminate proceedings, arguing that under the former 8 U.S.C. § 1432, he automatically derived citizenship from his mother when she was naturalized. Under United States law, his claim appears to depend ultimately on whether or not his father's paternity has been established by legitimization under El Salvadoran law. The immigration judge ("IJ") denied Torres's citizenship claim, and the Board of Immigration Appeals ("BIA") dismissed the appeal, but subsequently reopened the proceedings at Torres's request. The BIA then vacated its decision and remanded to the IJ for another hearing. On August 1, 2008, the IJ again denied Torres's citizenship claim.

Torres filed the underlying petition for a writ of habeas corpus in the Northern District of California on February 21, 2008, seeking release from continued custody. The district court dismissed the habeas petition in part, holding that it lacked jurisdiction to determine whether Torres is a citizen who cannot be held in immigration detention, and denied it in part, rejecting Torres's challenge to the length of his detention without an individualized custody hearing. Torres timely appealed. We have jurisdiction under 28 U.S.C. § 1291, and we review *de novo* the district court's dismissal of his habeas petition. *See Taniguchi v. Schultz,* 303 F.3d 950, 955 (9th Cir. 2000). The second part of Torres's petition regarding detention without an individualized custody hearing is now moot,[3]

---

[2]Aliens detained under 8 U.S.C. § 1226(c) may be held without an individualized bond hearing. In contrast, the general detention provision, 8 U.S.C. § 1226(a), provides for such a hearing. *See Casas-Castrillon v. Dept. of Homeland Security*, 535 F.3d 942, 950 (9th Cir. 2008).

[3]Since the district court's decision, the IJ has held an individualized bond determination hearing pursuant to our decision in *Casas-Castrillon*,

but his essential complaint that he may not be held in detention by ICE because he is a United States citizen, and that he is therefore entitled to a habeas hearing, is not.

## II.  ANALYSIS

**[1]** Section 1226 of the INA vests the Attorney General with authority to detain an "alien" during removal proceedings. *See* 8 U.S.C. § 1226(a); *id.* § 1226(c). Torres, however, asserts that the Attorney General is without authority to detain him because he is not an "alien," but a United States citizen. There is no dispute that if Torres is a citizen the government has no authority under the INA to detain him, as well as no interest in doing so, and that his detention would be unlawful under the Constitution and under the Non-Detention Act, 18 U.S.C. § 4001.⁴ The parties dispute only whether § 1252 of the INA precludes the district court from exercising jurisdiction over Torres's habeas petition. We hold that it does not.

**[2]** Section 1252 of the INA, as amended by the REAL ID Act, Pub. L. No. 109-13, Div. B, 199 Stat. § 231 (2005), provides that the exclusive method for obtaining judicial review of "a final order of removal" is through filing a petition for review in the court of appeals. 8 U.S.C. § 1252(a)(2), § 1252(a)(5), § 1252(b)(9). The same section of the INA, under 8 U.S.C. § 1252(b), explains that:

> "*With respect to review of an order of removal . . .* the following requirements apply:

___

535 F.3d 942. The IJ denied the motion for release from custody, finding that Torres was both a flight risk and a danger to the community. Torres is now being held under the general detention statute, 8 U.S.C. § 1226(a).

⁴The Non-Detention Act provides that "[n]o citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress." 18 U.S.C. § 4001.

. . . .

(5)   Treatment of nationality claims

(A) Court determination if no issue of fact

If the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim.

(B) Transfer if issue of fact

If the petitioner claims to be a national of the United States and the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer the proceeding to the district court of the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim and a decision on that claim as if an action had been brought in the district court under section 2201 of Title 28.

(C) Limitation on determination

The petitioner may have such nationality claim decided only as provided in this paragraph."

8 U.S.C. § 1252(b) (emphasis added). Recently, we interpreted these provisions as requiring that *challenges to*

*removal orders*, based on a claim to citizenship, be brought in a petition for review. *Iasu v. Smith*, 511 F.3d 881, 889 (9th Cir. 2007).

**[3]** The government argues, and the district court held, that *Iasu*'s interpretation of § 1252(b) forecloses the exercise of jurisdiction in Torres's case. Section 1252(b) by its terms, however, applies only to citizenship claims raised in connection with "review of an order of removal." 8 U.S.C. § 1252(b). Such challenges, we said, must be brought in a petition for review of the removal order. Section 1252(b) does not, and is not intended to, prescribe the exclusive method of determining nationality claims in all circumstances, but only in cases in which the petitioner challenges a final order of removal — an order that is subject to immediate review by an Article III court, either a court of appeals or, if there is a disputed issue of fact regarding citizenship, a district court, by transfer from the court of appeals. 8 U.S.C. § 1252(b)(5)(B).

**[4]** Torres's habeas petition, unlike Iasu's, does not challenge any final order of removal, but challenges his *detention* prior to the issuance of any such order. Two recent cases explain why this difference is critical. First, we have held that "the jurisdiction-stripping provision [of the REAL ID Act] does not apply to federal habeas corpus petitions that do not involve final orders of removal." *Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006). Second, as we concluded recently, "[e]ven post-[REAL ID Act], aliens may continue to bring collateral legal challenges to the Attorney General's detention authority . . . through a petition for habeas corpus." *Casas-Castrillon v. Dept. of Homeland Security*, 535 F.3d 942, 946 (9th Cir. 2008).[5]

---

[5]Although the parties do not contest this point, 8 U.S.C. § 1226(e) does not bar jurisdiction in this case either. Torres challenges the government's statutory authority to hold him, not the "Attorney General's discretionary judgment" or an "action or decision by the Attorney General . . . regarding the detention or release of any *alien* or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e) (emphasis added). The Supreme Court has held that § 1226(e) does not bar such challenges. *See Demore v. Kim*, 538 U.S. 510, 516-17 (2003) (finding jurisdiction where petitioner challenged "the statutory framework that permits his detention without bail").

The government argues that, because the question of its authority to detain Torres is intertwined with the citizenship claim at issue in his removal proceedings, Torres must wait until the conclusion of those proceedings before receiving a judicial determination as to whether he is a citizen and as to whether his detention by ICE is lawful. Then, the government says, he must challenge any citizenship determination by means of a petition for review of a final order of removal. This argument conflicts not only with the plain language of § 1252 but with the well-established principle that we require "a particularly clear statement" of intent from Congress before we find habeas review foreclosed. *Demore v. Kim*, 538 U.S. 510, 517 (2003); *I.N.S. v. St. Cyr*, 533 U.S. 289, 298-99 (2001).[6] The government's argument is also precluded by *Theagene v. Gonzales*, 411 F.3d 1107, 1110 (9th Cir. 2005), which holds that a nationality claim need not be exhausted because only an "alien" is required to exhaust administrative remedies under the INA. *See also Minasyan v. Gonzales*, 401 F.3d 1069, 1075 (9th Cir. 2005) ("Because Minasyan's claim to citizenship is not patently frivolous, we have jurisdiction to review it, irrespective of whether he has exhausted his claim before the agency."). We must remember that we are here dealing with the detention of an individual who claims to be a United States citizen. If his claim is true, his detention under the INA violates the Non-Detention Act as well as the Due Process Clause of the Constitution. Finally, Congress has never enacted any statute that would deprive a citizen of his right to a judicial determination of the legality of his detention

---

[6]Although the government does not raise 8 U.S.C. § 1252(b)(9) in its argument, we hold that this section does not provide a "clear statement" foreclosing habeas review in this circumstance. We have previously held that § 1252(b)(9) does not preclude habeas petitions that challenge detention or do not otherwise involve final orders of removal. *See Casas-Castrillon*, 535 F.3d at 946; *Nadarajah*, 443 F.3d at 1075. Furthermore, the section applies only to questions arising from "any action taken or proceeding brought to remove an *alien* from the United States." 8 U.S.C. § 1252(b)(9) (emphasis added). It does not bar an action by Torres, who challenges his detention and raises a non-frivolous claim of citizenship.

simply because his case is pending before an administrative agency.

There are also serious questions concerning the government's position that an individual who asserts a non-frivolous claim of citizenship can be detained during immigration proceedings — which, for Torres, has already lasted over two years — without habeas review. *Cf. Iasu*, 511 F.3d at 891 ("[A] nonfrivolous claim to U.S. citizenship gives a person a constitutional right to judicial review . . . .") (internal quotation marks omitted).[7] "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The Supreme Court has recognized such exceptions only in "certain special and narrow nonpunitive circumstances where a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas v. Davis*, 533 U.S. 678, 690, 692 (2001) (internal citations and quotation marks omitted).[8] The Court recently explained that "[w]here a person is detained by executive order . . . the need for collateral review is most pressing" and "the need for habeas corpus is more urgent." *Boumediene v. Bush*, 128 S.Ct. 2229, 2269 (2008).

**[5]** Torres asserts that his detention is unlawful because he is a citizen — that he automatically derived citizenship from

---

[7]We have held, however, that the elimination of habeas jurisdiction to challenge *a final order of removal* is not an unconstitutional suspension of the writ because the INA "provides an adequate substitute by allowing judicial review of the final order of removal through the courts of appeals." *See Iasu*, 511 F.3d at 888 (internal quotation marks omitted). Such a challenge can be expedited at the petitioner's request.

[8]In *Demore v. Kim*, the Supreme Court upheld mandatory detention of aliens for a brief period during removal proceedings, but that holding was specifically limited to persons who concede their alienage, and, even more, their deportability. *See* 538 U.S. at 522-26, 523 n.6. The Court noted that "Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Id.* at 522.

his mother under the former 8 U.S.C. § 1432 when he was seventeen because he was born out of wedlock and was not legitimated by his father. His claim is non-frivolous on its face. The government's authority to detain Torres appears to depend on the question of whether he was legitimated by his father under El Salvadoran law. The district court is the appropriate forum to resolve such a claim. We hold that Torres does not have to wait until his removal proceedings are completed and a final removal order is issued before he can secure habeas review of his citizenship claim and of his contention that he may not be detained under the INA.

[6] For the reasons stated above, the district court has jurisdiction over Torres's habeas petition challenging his detention. We therefore remand to the district court to hear the merits of his habeas petition. Because we do not consider the merits of his claim and we assume that the district court will act promptly, we deny Torres's request for immediate release.

REVERSED AND REMANDED.