FILED

FEB 15 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAUL OJEDA,

               Petitioner - Appellant,

  v.

U.S. DEPARTMENT OF HOMELAND
SECURITY,

               Respondent - Appellee.

No. 09-56837

D.C. No. 2:09-cv-07612-PA-RC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted February 11, 2011[**]
Pasadena, California

Before: PREGERSON, WARDLAW, and BEA, Circuit Judges.

    Raul Ojeda appeals the district court's summary dismissal of his 28 U.S.C. §

2241 habeas corpus petition. Ojeda argues that he was deported despite his claim

to United States citizenship, in violation of his constitutional rights. Because the

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court correctly dismissed the petition based on lack of subject matter jurisdiction, we affirm.

The district court did not err when it concluded that the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, precluded it from having subject matter jurisdiction to consider Ojeda's claims. Because Ojeda filed his habeas petition after his removal from the United States, the district court did not have jurisdiction over his petition. *See Flores-Torres v. Mukasey*, 548 F.3d 708, 711 (9th Cir. 2008). Under Section 106(a) of the REAL ID Act, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5). Moreover, constitutional claims or questions of law are also properly raised in a petition for review before the court of appeals, not the district court. 8 U.S.C. § 1252(a)(2)(D). Finally, while the record before us is scant, even "non-frivolous" claims to citizenship must be brought under a petition for review with the appropriate court of appeals. *Iasu v. Smith*, 511 F.3d 881, 888 (9th Cir. 2007). Because Ojeda has been deported, he may also submit evidence of his citizenship to a United States Consulate abroad.

We are also without jurisdiction to convert Ojeda's § 2241 habeas petition into a petition for review and to transfer it to ourselves under 28 U.S.C. § 1631. A

2

petition for review of a final order of removal must be filed within 30 days of the filing of the removal order. 8 U.S.C. § 1252(b)(1). Because Ojeda's habeas petition was filed more than 30 days after his final order of removal was entered, we would lack jurisdiction over his petition for review had it been properly filed. Thus, 28 U.S.C. § 1631 is inapplicable.

**AFFIRMED.**