NOT FOR PUBLICATION

FILED

FEB 13 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MILAUDI KARBOAU, | No. 10-35991 |
| Petitioner - Appellant, | D.C. No. 2:10-cv-00473-RSL |
| v. | |
| ICE FIELD OFFICE DIRECTOR, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted February 11, 2013**

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Milaudi Karboau appeals pro se from the district court's final judgment dismissing with prejudice his 28 U.S.C. § 2241 habeas petition challenging his immigration detention and bond. We have jurisdiction under 28 U.S.C. § 1291.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo a district court's decision to dismiss a habeas petition for lack of subject-matter jurisdiction, mootness, or failure to state a claim upon which relief can be granted. *Martinez v. Napolitano*, No. 10-56023, 2012 WL 5995444, at *2 (9th Cir. Dec. 3, 2012) (lack of subject-matter jurisdiction); *Ibrahim v. Dep't of Homeland Sec.*, 669 F.3d 983, 992 (9th Cir. 2012) (failure to state a claim); *Abdala v. INS*, 488 F.3d 1061, 1063 n.1 (9th Cir. 2007) (mootness). We affirm.

The district court correctly determined that Karboau's challenge to the basis for his immigration detention and request for a custody-redetermination hearing were moot because an immigration judge had granted Karboau release from custody on the condition of bond following a custody-redetermination hearing. *See Flores-Torres v. Mukasey*, 548 F.3d 708, 710 & n.3 (9th Cir. 2008) (dismissing as moot a challenge to immigration detention without a custody-redetermination hearing because the alien had subsequently received a hearing).

The district court also correctly determined that it lacked subject-matter jurisdiction over the conditions of Karboau's immigration bond. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1067 (9th Cir. 2008) (finding no jurisdiction to review a discretionary decision regarding bond).

Finally, the district court correctly determined that Karboau had failed to state a claim in arguing that imposition of an immigration detainer on him while he

was serving a state prison sentence violated his due process rights by preventing him from participating in an early-release program. *See McLean v. Crabtree*, 173 F.3d 1176, 1184 (9th Cir. 1999) (concluding that a Bureau of Prisons rule that prevented prison inmates with immigration detainers from obtaining sentence reductions comported with due process).

We decline to consider Karboau's challenge to the validity of his deportation order because he failed to raise it before the district court. *See Singh v. Napolitano*, 649 F.3d 899, 903 (9th Cir. 2011) (per curiam) ("[A]n issue raised for the first time on appeal is deemed waived.").

**AFFIRMED.**