**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3444
_____

ROY A. DAY,
                              Appellant

v.

STATE OF FLORIDA, et alia; FLORIDA STATE COURT JUDGES;
AGENTS, SERVANTS, CO-CONSPIRATORS
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-13-cv-01061)
District Judge:  Honorable Leonard P. Stark
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 11, 2014
Before:  AMBRO, SHWARTZ and SCIRICA, Circuit Judges

(Opinion filed: February 12, 2014)
_____

OPINION
_____

PER CURIAM

    Roy A. Day, proceeding pro se and in forma pauperis, appeals from the United

States District Court for the District of Delaware's order dismissing his complaint.  For

substantially the reasons given in the District Court's opinion, we will affirm.

Day's complaint named as defendants the State of Florida and unnamed Florida state court judges, agents, servants, and coconspirators. The allegations in the complaint concerned state court litigation surrounding the issuance of a citation to Day for careless driving in Palm Harbor, Florida, in August 2010. Day sought declaratory and injunctive relief and other damages. The District Court dismissed the case due to the Rooker-Feldman doctrine and the Younger abstention doctrine, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous, and pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) due to the defendants' immunity from suit. Day appealed.

While an appellant may prosecute his case without prepayment of fees, 28 U.S.C. § 1915(a)(1), the in forma pauperis statute provides that the District Court shall dismiss the complaint at any time if the Court determines that the action is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In screening this case, the District Court first determined that to the extent that Day sought review of decisions of Florida state courts, the Rooker-Feldman doctrine precluded such review. The Rooker-Feldman doctrine provides that federal district courts lack subject matter jurisdiction to sit in direct review of state court decisions. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). "[T]here are four requirements that must be met for the Rooker-Feldman doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining and Mineral Co. v. Fox

2

Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (alterations in original) (quoting

Exxon Mobil Corp., 544 U.S. at 284). The claims set forth in Day's complaint generally

contend that the Florida state courts, in proceedings rendered before initiation of his

present suit, entered judgments contrary to law.[1] Accordingly, we agree with the District

Court's conclusion that the Rooker-Feldman doctrine bars review of those claims.[2]

Second, the District Court determined that Eleventh Amendment immunity barred

Day's claims against the State of Florida. As we have noted in other appeals brought by

Day, see Day v. Florida, 530 F. App'x 134, 136 (3d Cir. 2013), Florida is immune from

suits brought in federal court unless it consents to suit or the U.S. Congress properly

abrogates immunity. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-

100 (1984). Here, Florida did not consent to suit and Congress has not abrogated its

sovereign immunity. See id. at 99. Thus, we agree with the District Court's conclusion

that the Eleventh Amendment shields Florida from suit in this case.

Next, the District Court determined that judicial immunity barred review of Day's

allegations against Florida state court judges and those individuals referred to as

"Defendant's agents, or servants, or co-conspirators (a.k.a. inter alia—'Florida Judges')."

Judicial immunity extends to judicial officers, even if their actions were '"in error, w[ere]

---

[1] More specifically, on May 2, 2013, the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida, dismissed Day's appeal seeking review of his conviction for careless driving. That court denied Day's request for rehearing en banc on May 16, 2013. The complaint at issue here was filed in the District Court on June 13, 2013.
[2] We also agree with the District Court's determination that to the extent any actions relevant to Day's claims remain pending in state court, the abstention doctrine defined in Younger v. Harris, 401 U.S. 37, 43 (1971), applies. See Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 588 (2013).

3

done maliciously, or w[ere] in excess of [their] authority,'" unless the officers acted in clear absence of all jurisdiction. Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (quoting Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006)). Despite Day's conclusory statements to the contrary, there is nothing to indicate that his claims concern acts performed in the clear absence of all jurisdiction. Additionally, as noted by the District Court, Day cannot sustain his requests for injunctive relief against the judicial officers, because such claims are barred by 42 U.S.C. § 1983. See Azubuko, 443 F.3d at 303-4. Accordingly, we agree with the District Court's conclusion that judicial immunity shields the individual defendants from suit in this case.

Finally, Day argues in his brief that the District Court's sua sponte dismissal of his claims violated his constitutional rights. However, in light of the problems plaguing Day's complaint, we disagree. See Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact."); see also Fed. R. Civ. P. 8; Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009). Additionally, due to Day's failure to indicate that he can plead anything beyond vague and conclusory allegations, the District Court properly determined that allowing Day to amend his complaint would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

Based on the foregoing, we will affirm the judgment of the District Court.[3]

---

[3] Day filed a noncompliant brief that exceeded the 30-page limitation, see Fed. R. App. P. 32(a)(7)(A), and has filed a motion requesting leave to exceed the page limitation for briefs. We grant the motion to be relieved from the filing requirements.