**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCOS ANTONIO LOMELI, | No. 09-17153 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-00955-PGR |
| v. | |
| KATRINA S. KANE, Field Office Director for the Phoenix Field Office of ICE; et al., | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, Senior District Judge, Presiding

Argued and Submitted March 3, 2014
Pasadena, California

Before: BYBEE, BEA, and IKUTA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Lomeli appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2241(c). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.[1]

We decline to entertain Lomeli's challenge to the procedures used at his bond hearing pursuant to *Casas-Castrillon v. DHS*, 535 F.3d 942 (9th Cir. 2008), and *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011). Following our decision in *Singh*, the government in this case moved the immigration judge (IJ) to conduct a new bond hearing with a contemporaneous audio record. The IJ denied the motion because Lomeli opposed the new bond hearing, stating that he wanted the original bond hearing to stand. In light of these circumstances, we conclude that Lomeli failed to exhaust his argument that the IJ did not provide sufficiently specific reasons on the record to justify the denial of bond. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160–61 (9th Cir. 2011); *cf. Singh*, 638 F.3d at 1203 n.3.

Lomeli's continued detention does not violate due process because "the government can repatriate [Lomeli] to Mexico if his pending bid for judicial relief from his administratively final removal order proves unsuccessful." *Prieto-*

---

[1]The motion for leave to file brief as amicus curiae by the Florence Immigrant and Refugee Rights Project is GRANTED and the brief that was lodged is ordered filed. Petitioner Marcos Lomeli's pro se motion to amend the amicus brief is DENIED.

*Romero v. Clark*, 534 F.3d 1053, 1062 (9th Cir. 2008). Lomeli has presented no evidence, "such as a lack of a repatriation agreement with his home country or a finding that he merits mandatory relief from removal, that prevents [Lomeli's] removal to [Mexico] if he ultimately fails in fighting the government's charge of removability." *Casas-Castrillon*, 535 F.3d at 949. His detention is therefore not indefinite.

Finally, we reject Lomeli's claim that Immigration and Customs Enforcement lacks the authority to detain him during the pendency of his citizenship litigation. Lomeli's claim of citizenship has been rejected three times by the United States Customs and Immigration Services, and once by a federal district court. These decisions are binding determinations that Lomeli is an alien, and therefore the Attorney General is empowered under 8 U.S.C. § 1226(a) to detain him pending review. *Cf. Ng Fung Ho v. White*, 259 U.S. 276, 285 (1922); *Flores-Torres v. Mukasey*, 548 F.3d 708, 713 (9th Cir. 2008).

**AFFIRMED.**