CLD-225                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4397

ANTHONY BOLA OLOPADE,
Appellant

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA;
SECRETARY UNITED STATES DEPARTMENT OF HOMELAND SECURITY

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 13-cv-01063)
District Judge:  Honorable Cathy Bissoon
_____

Submitted on a Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 10, 2014
Before: FUENTES, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: April 16, 2014 )
_____

OPINION
_____

PER CURIAM

    Anthony Bola Olopade appeals from an order of the United States District Court

for the Western District of Pennsylvania, which dismissed his complaint.  Because no

substantial question is raised by the appeal, we will grant the Government's motion to

summarily affirm the District Court's decision. We may affirm a district court for any reason supported by the record. Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011) (citation omitted).

Olopade filed a document in the District Court pursuant to 28 U.S.C. § 2241 and 8 U.S.C. § 1503, seeking a declaration that he is a United States national.[1] The District Court entered an order informing Olopade that the action was not proper under § 2241 because he was not seeking release from custody,[2] and thus the filing would be construed as a complaint seeking declaratory relief under 8 U.S.C. § 1503 and 28 U.S.C. § 2201. After granting Olopade's motion to proceed in forma pauperis, the Court screened the complaint and determined that it should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Olopade timely appealed the District Court's order. The Government moved to summarily affirm the District Court's judgment; Olopade has filed a response in opposition to summary action.[3]

When a District Court grants a motion to proceed in forma pauperis, it should screen the complaint to determine whether it states a claim upon which relief may be

[1] A "national" is "(A) a citizen of the United States, or (B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States." 8 U.S.C. § 1101(a)(22).

[2] We need not decide whether the District Court should have considered the claim in the context of a habeas proceeding, because Olopade's claims are without merit, as explained herein.

granted.  If the complaint fails to state a claim, the Court should dismiss it.  28 U.S.C.

§ 1915(e)(2)(B).  While we normally require a court to give the plaintiff an opportunity to

amend, a complaint may be dismissed without allowing such an opportunity if

amendment would be futile.  Day v. Florida, 743 F.3d 40, 43 (3d Cir. 2014).

Here, the District Court determined that Olopade's claim for a judicial declaration

of citizenship was not properly before it, as the statute governing such claims prohibits a

person from bringing such a claim "if the issue of such person's status as a national of the

United States (1) arose by reason of, or in connection with any removal proceeding . . .,

or (2) is in issue in any such removal proceeding."  8 U.S.C. § 1503(a).  Olopade raised

his claim of U.S. citizenship in his removal proceedings, but the Immigration Judge and

Board of Immigration Appeals rejected his claim.  Dist. Ct. Op. at 2 (citing In re:

Anthony Olopade, 2010 WL 4035443 (BIA Sept. 21, 2010)).[4]  In Rios-Valenzuela v.

DHS, 506 F.3d 393, 399 (5th Cir. 2007), the Court declined to read § 1503's "exception

as forever hanging an albatross around the neck of those who first raise citizenship as a

defense in a removal proceeding."  Rather, the Court determined that if "a citizenship

claim finds *its genesis* outside of the context of removal proceedings, the exception is no

bar to jurisdiction; thus, for example, once removal proceedings have run their full course

---

[3] We also have the benefit of Olopade's document titled, "Memorandum of Law in Support of Appellant's Opening Brief."
[4] The District Court also noted that Olopade had unsuccessfully raised the same claims in an action filed under 8 U.S.C. § 1503 in the United States District Court for the Northern

and terminated, any future citizenship claim would not arise in those removal proceedings." (Emphasis added, footnotes omitted). Id. Although Olopade's removal proceedings have terminated, the genesis of Olopade's citizenship claim was a defense he raised to a removal order. See In re: Anthony Olopade, 2010 WL 4035443 (BIA Sept. 21, 2010); see also Rios-Valenzuela, 506 F.3d at 398-99 (jurisdictional bar applies where the particular citizenship claim "arose" in removal proceeding, even if those proceedings have ended; if person loses in removal proceedings, appropriate means for judicial review is through petition for review).[5]

As noted, the District Court determined that Olopade's action was not proper as a § 2241 petition. But persons have long enjoyed the right to have their citizenship claims determined in habeas proceedings. See, e.g., Ng Fung Ho v. White, 259 U.S. 276, 285 (1922); Bagot v. Ashcroft, 398 F.3d 252, 255 (3d Cir. 2005).[6] While the REAL ID Act stripped federal courts of habeas jurisdiction over petitions for review of removal orders, see Kumarasamy v. Att'y Gen., 453 F.3d 169, 172 n.5 (3d Cir. 2006), the Act did not specifically preclude habeas review over claims of citizenship raised outside of the

---

District of Ohio. See Olopade v. Ashcroft, Civ. No. 4:04-cv-0035 (N.D. Ohio Apr. 5, 2004).

[5] We take judicial notice that Olopade has had such judicial review. The United States Court of Appeals for the First Circuit considered and rejected his citizenship claim raised in his petition for review. See C.A. No. 04-2706 (1st Cir. July 7, 2006).

[6] Olopade is in custody pursuant to a criminal conviction, but the fact that he is subject to a final removal order may suffice to meet the "in custody" requirements for habeas jurisdiction. Jordon v. Att'y Gen., 424 F.3d 320, 324 n.6 (3d Cir. 2005).

4

context of a challenge to a removal order. Cf. Flores-Torres v. Mukasey, 548 F.3d 708, 712 n.6 (9th Cir. 2008) (noting that § 1252(b)(9) "does not provide a 'clear statement' foreclosing habeas review" of a challenge to immigration detention based on pre-final-removal-order claim of citizenship); Verde-Rodriguez v. Att'y Gen., 734 F.3d 198, 206-07 (3d Cir. 2013) (REAL ID Act does not foreclose habeas jurisdiction to challenge something other than a final order of removal); see generally INS v. St. Cyr, 533 U.S. 289, 314 (2001) (explicit direction from Congress required before courts will construe statutes as limiting habeas relief). We need not determine whether the District Court retained habeas jurisdiction to consider Olopade's claim, however, as the petition was properly dismissed as being without merit. 28 U.S.C. § 2243.

In his complaint (or habeas petition), Olopade claimed that he had registered for the selective service, and that he had applied for citizenship. He argued that "he is a United States Citizen because he completed all that was required him to do to become a United States Citizen, except the ceremonial swearing of the proceeding where he would have been given his certificate of Citizenship." Complaint at 3. In Salim v. Ashcroft, 350 F.3d 307, 310 (3d Cir. 2003), we held that a person cannot be declared a national based on a citizenship application; rather, "for one . . . who is a citizen of another country, nothing less than citizenship will show 'permanent allegiance to the United States.'" Id. (quoting 8 U.S.C. § 1102(a)(22)). We cited with approval Perdomo-Padilla v. Ashcroft, 333 F.3d 964, 969 (9th Cir. 2003), which held that a person can only become

5

a national through birth or through *completing* the naturalization process. <u>Salim</u>, 350 F.3d at 309. Olopade, by his own admission, never completed the process.

Olopade cited two cases in his complaint in support of his contention that he should be declared a U.S. citizen: <u>In re: Petition of Tubig in Behalf of Tubig</u>, 559 F. Supp. 2, 4 (N.D. Cal. 1981), and <u>Harriott v. Ashcroft</u>, 277 F. Supp. 2d 538, 545 (E.D. Pa. 2003). He stated that the courts in those cases "granted the petitioners [sic] request and declared them Citizenships [sic] based on the agency's delay in processing their Citizenship application[s]." Complaint at 4-5. We are not bound by the decisions of district courts, but in any event, the cases are inapposite. First, both cases involved a person seeking to derive citizenship from a parent; a process that happens by operation of law if the parent has completed certain steps before the child's 18th birthday; <u>i.e.</u>, unlike Olopade's situation, the person seeking citizenship did not personally have to do anything. Second, both cases granted relief based on equitable estoppel, holding that the agency's delay was equivalent to affirmative misconduct. <u>Tubig</u>, 559 F. Supp. at 3-4; <u>Harriott</u>, 277 F. Supp. 2d at 544; <u>but see</u> <u>Mustanich v. Mukasey</u>, 518 F.3d 1084, 1089 (9th Cir. 2008) (interpreting <u>INS v. Pangilian</u>, 486 U.S. 875 (1988), as precluding establishment of citizenship by estoppel where statutory requirements for naturalization have not been satisfied). Olopade's complaint did not allege any delay on the part of the agency. Instead, he complained about representations by the Department of Homeland Security that he believes influenced the Immigration Judge's factual findings. Olopade's

allegations suggest negligence, at best, and not affirmative misconduct on the part of the Government. Mudric v. Att'y Gen., 469 F.3d 94, 99 (3d Cir. 2006) (petitioner "must establish (1) a misrepresentation; (2) upon which he reasonably relied; (3) to his detriment; and (4) affirmative misconduct" to establish equitable estoppel claim against Government in immigration context).

Because the declaratory judgment matter was not properly before the District Court, and because there was no merit in a habeas claim that Olopade might bring, the District Court properly dismissed the complaint. For the foregoing reasons, we will summarily affirm the District Court's judgment.