**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1829**

RONY ESTUARDO GUDIEL POLANCO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: March 9, 2021                          Decided: March 17, 2021

Before WILKINSON, AGEE, and WYNN, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Rony Estuardo Gudiel Polanco, Petitioner Pro Se.  Nelle Montgomery Seymour, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rony Estuardo Gudiel Polanco, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals affirming, without opinion, the immigration judge's denial of his request for release on bond. We dismiss the petition for lack of jurisdiction.

We have jurisdiction only over final orders of removal or deportation. 8 U.S.C. § 1252(a)(1); *see Amaya v. Rosen*, 986 F.3d 424, 429 (4th Cir. 2021). Under 8 U.S.C. § 1101(a)(47)(A), an "order of deportation" is defined as "the order of the special inquiry officer, or other such administrative officer to whom the Attorney General has delegated the responsibility for determining whether an alien is deportable, concluding that the alien is deportable or ordering deportation."

Here, the immigration judge's decision does not conclude that Gudiel Polanco is removable or order his removal. Rather, the proceedings before the agency pertained to Gudiel Polanco's request for release on bond; challenges to an alien's detention must be brought pursuant to a habeas corpus petition. *See Hosh v. Lucero*, 680 F.3d 375, 378 (4th Cir. 2012); *Flores-Torres v. Mukasey*, 548 F.3d 708, 711 (9th Cir. 2008); *Bah v. Cangemi*, 548 F.3d 680, 683 n.3 (8th Cir. 2008). In any event, the Government notes that Gudiel Polanco was removed on October 23, 2020, which renders the petition for review moot. *See N.C. State Conference of the NAACP v. Raymond*, 981 F.3d 295, 302 (4th Cir. 2020) ("A suit becomes moot, and we lose jurisdiction, when it is *impossible* for a court to grant any effectual relief whatever to the prevailing party." (internal quotation marks omitted)).

Accordingly, we dismiss the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED*